### DEFRANCE et. al. v. HAZEN.

1. EVIDENCE—TRIAL—PRACTICE.—It is not necessary for a party defend-
ant, in offering his proof, to disclose or state his whole defense. · It is
enough that the proof offered tends to establish a defense.
2. SAME.—It is only where the proof offered has no seeming relevancy to
the issue, that a party is bound to disclose particularly the ground of
its materiality.

(1 *Chand.* 195.)

ERROR to the Circuit Court for *Crawford* County.

This was an action originally instituted before a justice of
Crawford county, on a promissory note, as follows:

"$20.00.     RANGE TWO, WEST, TOWN FOURTEEN, }
NORTH, *December* 21, 1846.           }

On or before the sixteenth day of May, 1847, we, or either
of us, promise to pay *J. S. T. Hazen,* or bearer, the sum of
·twenty dollars for standing pine, at the forks of the creek, and
up the creek of Kickapoo, at Louise's shanty.

JAMES M. DEFRANCE,
HUGH H. MOORE."

To a declaration upon the foregoing note the defendants
pleaded the general issue, and that the same was given with-
out consideration. On a trial had upon this issue, the justice
rendered a judgment for the plaintiff, for twenty dollars and
the costs.

From this judgment the defendants, in the suit before the
justice, appealed to the circuit court for Crawford county.

On the trial of the appeal the defendant in error (the plain-
tiff below) introduced and proved the execution of the note,
and rested.

The counsel for the plaintiffs in error then introduced a wit-
ness to prove that the land on which the pine trees, constituting
the consideration for which the said note was given, was, at the
time of the sale thereof, and of the giving the said note, the
property of the United States, and unsurveyed; and that the

said plaintiff never had any title to the land on which the trees were growing, and which he assumed to sell.

The admission of this evidence was objected to by the plaintiff below, on the ground that, by the note and the terms thereof, the defendants below were precluded from showing title out of their vendor, the plaintiff below.

The circuit court sustained the objection and rejected the evidence offered, and a judgment was ordered to be entered in favor of the plaintiff below, against the defendant below, for the sum of twenty dollars and costs.

At the same term, the defendants below made a motion for a new trial on the ground,

1. That the judge had erred in excluding the evidence offered by the defendants below, showing that the plaintiff had no title to the land on which the pine timber was growing ; and,

2. That, inasmuch as notice had been given by the defendants below, to the plaintiff below, to produce on the trial the evidence of title in himself, and he having failed to do so, it was competent for the defendants below to show title out of him.

3. That, under the state of the proceedings, it was incumbent on the plaintiff to show title to the land in himself, in order to maintain his action.

4. That the said judgment was erroneous, inasmuch as it affirmed the judgment of a justice who had no jurisdiction over a case involving the title to real estate.

The circuit court overruled the motion for a new trial.

*J. T. Mills*, for the plaintiffs in error, after reading the exceptions taken by the defendant in error, and making a statement of the case, was stopped by the court upon an intimation that he need not proceed further.

*Knowlton & Dunn*, for the defendant in error, contended that the evidence offered on the trial at the circuit, to impeach the consideration of the note, was incompetent to authorize its

admission ; and that the exception taken was not founded upon any sufficient specific fact proved, or offered to be proved, of sufficiently substantial matter upon which to found such objection.   To this point they cited Sugden on Vendors ; 21 Wend. 131 ; 24 id. 102.

They also asserted and argued, that the purchaser of personal or real property could not defend against an action for the recovery of the purchase money, unless he should show a recovery against himself by the real owner ; and to this point cited 4 Ohio, 39 ; 1 Wend. 185 ; 19 Johns. 77 ; Graham on New Trials, 257.

LARRABEE, J.    The witness offered by the defendants should have been allowed to testify, as the facts proposed to be shown would have tended to prove a want of consideration. It is not necessary for a party to disclose his whole defense, in order to entitle him to the admission of evidence having a *tendency* to prove it.

It is only in cases where the proposed evidence has no apparent relevancy, that it is necessary to state the whole ground upon which it is based.

Judgment reversed.